## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------x
                     |

**ROSMARIE KUHN,**               |        **JURY TRIAL REQUESTED**
     *Plaintiff*                 |

**VS.**                             |

**MASONICARE CORP.,**           |        **JULY 17, 2018**
     *Defendant*              |
-------------------------------------------------------x

## COMPLAINT

### I.   INTRODUCTION:

1.     This is an action alleging discrimination, failure to accommodate, and wrongful termination of employment on the basis of disability in violation of the provisions of the Americans with Disabilities Act, as amended, 42 USC § 12101, *et seq.*; discrimination and wrongful termination in violation of the provisions of the Age Discrimination in Employment Act, 29 USC § 621, *et seq.*; and retaliation in violation of the provisions of Connecticut Workers' Compensation Act set forth in Connecticut General Status § 31-290a.

### II.   PARTIES:

2.     The Plaintiff, Rosmarie Kuhn, is a resident of the Town of Southington, Connecticut.

3.     The Plaintiff is sixty-four (64) years of age.

4.     The Defendant, Masonicare Corporation ("Masonicare" or "Defendant"), is a Connecticut corporation that operates a long-term rehabilitative nursing facility located at 22 Masonic Avenue, Wallingford, CT 06492.

III.   **FACTUAL ALLEGATIONS:**

5.     On or about January 9, 2015, the Plaintiff suffered an injury to her right thumb during the course of her work duties.

6.     The Plaintiff received medical treatment and physical therapy for this injury and was assigned light-duty work restrictions.

7.     The Plaintiff returned to work with these light-duty restrictions in place and requested to be assigned light-duty work in accordance with her restrictions.

8.     By these acts, the Plaintiff exercised rights under the Connecticut Workers' Compensation Act, including the right to receive medical treatment for a work injury pursuant to Conn. Gen. Stat. § 31-294d and the right to be provided with light-duty work pursuant to Conn. Gen. Stat. § 31-313.

9.     Despite having knowledge of Plaintiff's light-duty restrictions, and despite light-duty work being available, on a number of occasions the Defendant attempted to compel the Plaintiff to exceed her light-duty restrictions.

10.    On August 7, 2015, the Plaintiff suffered a second workplace injury when she injured her right shoulder while dispensing medications from the medication cart.

11.    Plaintiff reported this injury to her supervisor, Sonija Carone, completed an injury report form, and was then was sent for medical treatment on August 10, 2015, thereby again exercising her rights under the Connecticut Workers' Compensation Act.

12.    Upon being examined, Plaintiff was determined to be disabled from work.

13.    Plaintiff remained completely disabled from working through March of 2016.

14.    In March of 2016, Plaintiff's treating physician determined that Plaintiff's shoulder injury had reached maximum medical improvement, and Plaintiff was assigned a 12 %

permanent partial impairment to her right shoulder and assigned a permanent light-duty work restriction of no overhead lifting with her right arm in excess of 10 lbs.

15.     Plaintiff notified the Defendant that she had been cleared to return to work and apprised Defendant of her restrictions.

16.     In response, Defendant stated to Plaintiff that it would not restore her to her job because it could not accommodate her restrictions.

17.     Defendant's contention was false. Defendant could reasonably accommodate Plaintiff's medical restrictions. The only job function that Plaintiff could not have performed within her restrictions was pushing the medication cart.

18.     Defendant could have modified Plaintiff's job duties by assigning another nurse to push the medication cart.

19.     By way of further example, when Plaintiff had suffered her first work injury and was on light duty, the Defendant modified Plaintiff's job duties by assigning Plaintiff to push the wound care cart.

20.     By way of further example, the Defendant also previously modified the Plaintiff's job duties by allowing her to work as floor supervisor or perform charting duties.

21.     When the Defendant informed Plaintiff that it could not accommodate her medical restrictions, it assured her that it would not terminate her employment and told her that it would place her on a per-diem status and would provide her with work within her restrictions, to the extent any such work was available.

22.     Despite this, the Defendant never offered Plaintiff per-dim work.

23.     Also, at the time that Defendant informed Plaintiff that it could not accommodate her medical restrictions, it informed Plaintiff that she could apply for any other open positions with the Defendant for which she was physically qualified.

24.     Plaintiff accordingly applied for a number of positions with the Defendant which she was qualified for and which she could have performed with or without a reasonable accommodation, but was not hired for any position.

25.     Ultimately, on March 4, 2017, the Defendant informed Plaintiff that her employment was being terminated.

26.     The Defendant placated the Plaintiff by stating that she would be per-diem and could apply for open positions, when in fact, it never intended to offer her any work or to hire her for any open positions.

## IV.     **JURISDICTION:**

27.     The Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiff has alleged claims arising under the laws of the United States. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

28.     Plaintiff filed a timely complaint with the Equal Employment Opportunities Commission on or about December 7, 2017.

29.     Plaintiff received a Right to Sue Letter from the Equal Employment Opportunities Commission on or about June 27, 2018, and said notice is appended to this complaint as "Exhibit A."

**COUNT ONE:**       **Discrimination, Failure to Accommodate, and Wrongful Termination of Employment in Violation of the Provisions of the Americans with Disabilities Act, as amended, 42 USC § 12101, *et seq.***

1.      The Plaintiff repeats and re-alleges paragraphs 1 through 29 above as paragraphs 1 through 29 of Count One, as if fully set forth herein.

30.      The Defendant discriminated against the Plaintiff on the basis of her disability, as set forth above.

31.      The Defendant failed to provide Plaintiff with one of more reasonable accommodations, as set forth above.

32.      The Defendant terminated the Plaintiff and failed to hire her for one or more positions for which she was qualified because of the Plaintiff's disability, the Defendant's perception that Plaintiff's medical condition rendered her disabled, and / or so as to avoid having to provide her with an accommodation(s) for her disabilities.

33.      The foregoing conduct constitutes a violation of the provision of theAmericans with Disabilities Act, as amended, 42 USC § 12101, *et seq.*

34.      As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered, and will suffer, monetary damages, including but not limited to lost wages and fringe benefits.

35.      As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered emotional distress.

36.      As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has incurred, and/or will incur, attorney's fees and costs.

**COUNT TWO:**       **Age Discrimination and Wrongful Termination in Violation of the provisions of the Age Discrimination in Employment Act, 29 USC § 621,** *et seq.*

1.      The Plaintiff repeats and re-alleges paragraphs 1 through 29 above as paragraphs 1 through 29 of Count Two, as if fully set forth herein.

30.      The Defendant discriminated against the Plaintiff on the basis of her age.

31.      The Defendant terminated the Plaintiff and failed to hire her for one or more positions for which she was qualified because of the Plaintiff's age.

32.      The foregoing conduct constitutes a violation of the provision of the Age Discrimination in Employment Act, 29 USC § 621, *et seq.*

33.      As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered, and will suffer, monetary damages, including but not limited to lost wages and fringe benefits.

34.      As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has incurred, and/or will incur, attorney's fees and costs.

**COUNT THREE:**     **Retaliation in violation of Conn. Gen. Stat. § 31-290a**

1.      The Plaintiff repeats and re-alleges paragraphs 1 through 29 above as paragraphs 1 through 29 of Count Three, as if fully set forth herein.

30.      The Defendant terminated the Plaintiff because she suffered a compensable injury under the Workers' Compensation Act, because she received benefits under the Workers' Compensation Act, because she exercised or attempted to exercise her rights under the Workers' Compensation Act, and/or to prevent her from obtaining benefits under the Workers' Compensation Act, all in violation of Connecticut General Statute § 31-290a.

31.     As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered, and will suffer, monetary damages, including but not limited to lost wages and fringe benefits.

32.     As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered emotional distress.

33.     As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has incurred, and/or will incur, attorney's fees and costs.

*Wherefore,* the Plaintiff prays for the following relief:

1.  Monetary damages;

2.  Reinstatement or front pay;

3.  Costs and reasonable attorney's fees incurred in connection with this action;

4.  Punitive damages pursuant to Conn. Gen. Sat. § 31-290a and 42 USC § 1981a;

5.  Liquidated damages pursuant to 29 USC § 626(b);

6.  Any such additional relief as may appear to the Court to be just and equitable.

THE PLAINTIFF,
ROSMARIE KUHN

By: _____
Michael J. Reilly, Esq. (ct28651)
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Email: mreilly@cicchielloesq.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
----------------------------------------------------------x
                                                          |
ROSMARIE KUHN,                                            |          JURY TRIAL REQUESTED
      Plaintiff                                           |
                                                          |
VS.                                                       |
                                                          |
MASONICARE CORP.,                                         |          JULY 17, 2018
      Defendant                                           |
----------------------------------------------------------x
```

## JURY DEMAND

The Plaintiff herein demands a trial by jury.

THE PLAINTIFF,
ROSMARIE KUHN

By: _____
Michael J. Reilly, Esq. (ct28651)
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Email: mreilly@cicchielloesq.com

9

# Exhibit A

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Rosemarie Kuhn<br>127 Whisting Straights Drive<br>Southington, CT 06489 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 523-2018-00585 | Edward J. Ostolski,<br>Investigator | (617) 565-3214 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Kenneth An*

**Feng K. An,**
**Area Office Director**

JUN 27 2018

(Date Mailed)

Enclosures(s)

cc:
| Madiha M. Malik<br>Attorney<br>Murtha Cullina LLP<br>185 Asylum St<br>Hartford, CT 06103-3469 | Carol D. Baez, Esq.<br>CICCHIELLO & CICCHIELLO, LLP<br>364 Franklin Ave.,<br>Hartford, CT 06114 |
|---|---|